Wachtler, J.
(dissenting). On May 9, 1966, in connection with the purchase of a home in the Town of Caroga, two brothers, William and Thomaé Fioravanti, executed a mortgage agreement with the plaintiff. That agreement provided, among other things, that the premises would secure a $2,500 debt plus interest and further that: “In addition to the bond or obligation above mentioned, this mortgage is intended to secure any and all further loans or indebtedness owed or to be owed by the mortgagor to the mortgagee, and it is stipulated that the maximum amount secured by this mortgage at execution or which under any contingency may be secured thereby at any time in the future shall be the original principal amount hereof.”
Another indebtedness as contemplated by this dragnet clause was incurred by the brothers on June 11, 1973. Subsequently, on January 4, 1974, the brothers conveyed the *649 premises to their mother, the defendant, who assumed the mortgage. On that date she inquired of the plaintiff as to how much still was owing on the mortgage, and she was told $752. However, when she had finally paid this amount plus interest, she was informed by plaintiff that her sons had defaulted on the second debt, and that by operation of the above-quoted clause she owed an additional $2,500. Defendant failed to pay this amount and plaintiff instituted the instant foreclosure proceeding.
While we agree with the majority that defendant failed to show the necessary elements of estoppel, the clause on which plaintiff relies being plain on the face of the mortgage, we would conclude nonetheless that there should be a reversal. The plaintiff’s failure to give defendant due notice of a referee’s proceeding to compute the amount still owed on the mortgage deprived defendant of a substantive right, since there is a basis in the record for concluding that the computations of the referee were erroneous.
The premise of plaintiff’s argument that $2,500 is still due on the mortgage is that the dragnet clause became operative on the day the brothers incurred the second debt to the plaintiff. On that date, however, by the clear wording of the clause, the property could secure no more than $2,500. There is nothing in the clause, or for that matter, anything anywhere else in the agreement which indicates that payments after that date should be totally ineffective to reduce the secured amount. Without doubt, had the brothers tendered $2,500 to plaintiff as soon as they incurred the second debt, this mortgage should have been extinguished. Plaintiff points to no contract language indicating that in this respect payments by installment are to be treated differently from payment in full. On the contrary, the majority’s holding that the monthly payments did not reduce the debt secured, and that the $2,500 lien continued to float so long as the full debt of the brothers remained unpaid, causes this mortgage to secure over the course of the payments far more than the stated $2,500 limit. Of course, this is not to say that a floating limited security arrangement cannot be accomplished, but only that we do not read the quoted language to have accomplished it here. At the very least, *650 defendant was entitled to have the mortgage released to the extent of payments made after the date when the dragnet clause became operative.
Finally, it is indeed disconcerting in this era of plain English, when — we thought — the value of obtuse legal jargon had diminished, that the majority has construed the clear statement in this mortgage that not more than $2,500 be secured at any one time to mean that the property can actually be used to secure payment of over $5,000 including interest. Even more disconcerting is that this result is achieved with a mortgage designed for use by the general public. However, even leaving aside the question of whether this sophisticated interpretation could be justified on a theoretical plane, the fact remains that at the very least the clause in question is ambiguous. Certainly among the more cogent indicators of this ambiguity is that the Judges of the highest court in this State have split 4 to 3 on its meaning.
We think the whole approach of the majority misses the point: that with this type of instrument the meaning should not depend on hypertechnical dissections and legal precedent. Rather, a truly ambiguous mortgage clause such as this should be construed in favor of the borrower — not the bank which drew it.
Accordingly, I dissent and vote that the order of the Appellate Division should be reversed.
Judges Jasen, Jones and Fuchsberg concur with Judge Meyer; Judge Wachtler dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Gabrielli concur.
Order affirmed, with costs.